VIRTUESQ LLLC
A Limited Liability Law Company

CHRISTIAN L. KAMAU      10996-0
PO BOX 17098
Honolulu, Hawaii 96817
Phone: (808) 271-4537
Email: christian@virtuesq.com

Attorney for Plaintiff
STRIKE 3 HOLDINGS, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Strike 3 Holdings LLC, <br><br> Plaintiff, <br><br> vs. <br><br> John Doe Subscriber assigned IP address 50.113.14.78, <br> Defendant. | CIVIL NO. 1:24-cv-00193-HG-KJM <br><br> **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT JOHN DOE SUSCRIBER ASSIGNED IP ADDRESS 50.113.14.78'S OBJECTION TO PLAINTIFF STRIKE 3 HOLDINGS, LLC'S THIRD-PARTY SUBPOENA** |

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, Strike 3 Holdings, LLC ("Plaintiff" or "Strike 3") hereby respectfully submits this Memorandum in Opposition to Defendant John Doe Subscriber Assigned IP Address 50.113.14.78's Objection to Plaintiff Strike 3 Holdings, LLC's Third-Party Subpoena ("Motion").

1

Defendant's styled "Objection" to Plaintiff's third-party subpoena is essentially a motion to quash and motion for a protective order.

"Rule 45 of the Federal Rules of Civil Procedure governs the issuance of subpoenas." *Barnett Harley-Davidson, LP v. Lach*, No. 6-410, 2007 WL 9710796, at *2 (D. Haw. Aug. 14, 2007). "On timely motion, a court *must* quash or modify a subpoena that: '(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.'" *Sec'y of Lab., United States Dep't of Lab. v. Kazu Constr., LLC*, No. 16-77, 2017 WL 628455, at *3 (D. Haw. Feb. 15, 2017) (quoting Fed. R. Civ. P. 45(d)(3)(A)) (emphasis original). "On the other hand, a court *may* quash or modify a subpoena if it requires: 'disclosing a trade secret or other confidential research, development, or commercial information.'" *Id*. (quoting Fed. R. Civ. P. 45(d)(3)(B)(I). (emphasis original). "No other grounds are listed." *Crocs, Inc. v. Effervescent, Inc.*, No. 6-605, 2017 WL 3888455, at *2 (D. Colo. Jan. 30, 2017) (collecting cases).

Additionally, "[a] party . . . may move for a protective order in the court where the action is pending[.]" Fed. R. Civ. P. 26(c). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," *id.*, and "[t]he burden is on the party seeking the order to

'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Acosta v. Heritage*, 332 F.R.D. 347, 349 (D. Haw. 2019) (citing *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Id.* (citations omitted).

"Defendant does not raise any legitimate grounds for quashing the subpoena under Rule 45(d)(3)." *Strike 3 Holdings, LLC v. Doe*, No. 22-9171, 2023 WL 4763328, at *1 (C.D. Cal. June 2, 2023) (denying motion to quash); *Strike 3 Holdings, LLC v. Doe*, No. 23-92, 2023 WL 4280799, at *2 (S.D. Cal. June 29, 2023) (same). "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action *unless the party claims some personal right or privilege with regard to the documents sought*." *Lach*, 2007 WL 9710796 at *2 (collecting cases) (emphasis original). Yet "[c]ourts have routinely found that there is not a sufficient claim of privilege over one's name and address in the face of these subpoenas." *See Strike 3 Holdings, LLC v. Doe*, No. 22-6619, 2022 WL 16636600, at *2 (S.D.N.Y. Nov. 2, 2022) (citation omitted); *see also Kazu Constr.*, 2017 WL 628455 at *10.

The only case Defendant cites in support of his requested relief did not concern a motion to quash at all. *See Braun v. Primary Distrib. Doe No. 1*, No. 12-

3690, 2012 WL 12921307 (N.D. Cal. Dec. 18, 2012), *report and recommendation adopted sub nom. Braun v. Primary Distrib. Doe No. 1 & Does 2 Through 69*, No. 12-3690, 2013 WL 12174688 (N.D. Cal. Feb. 14, 2013). Rather, that opinion and order addressed (and denied) a request to vacate early discovery and motion to dismiss for improper joinder while, instead, granting a protective order. *See id.* at *4. While Defendant recounts the parties current dispute over a protective order, he has made no showing in support of one and insists that Defendant "intends to file Motions to Proceed Anonymously and for a Protective Order to prevent the disclosure of Defendant's identifying information to the public unless and until the Court specifically orders otherwise." D.E. 13, at 4. Thus, Plaintiff will address that dispute is properly brought before the Court.

For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendant John Doe Subscriber Assigned IP Address 50.113.14.78's Objection to Plaintiff Strike 3 Holdings, LLC's Third-Party Subpoena.

DATED: Honolulu, Hawaii, August 12, 2024.

*/s/ Christian L. Kamau*
CHRISTIAN L. KAMAU
Attorney for Plaintiff
STRIKE 3 HOLDINGS, LLC